UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

JAMES GLOSTER, Individually and On Behalf   :
of All Others Similarly Situated,           :
                                            :
                         Plaintiff,         :     **MEMORANDUM AND ORDER**
                                            :     22 Civ. 507 (EK) (VMS)
                    -against-               :
                                            :
STANDARD LITHIUM LTD., ROBERT               :
MINTAK, and KARA NORMAN,                    :
                                            :
                         Defendants.        :
                                            :
---------------------------------------------------------- X

**Vera M. Scanlon, United States Magistrate Judge:**

Before the Court are Curtis T. Arata's ("Mr. Arata") and Angela Infante's ("Ms. Infante")

motions for appointment as lead plaintiff and for approval of lead counsel in this action.  See

ECF Nos. 13-15; ECF Nos. 16-17.  For the reasons that follow, this Court grants Mr. Arata's

unopposed motion for his appointment as lead plaintiff and approval of Glancy Prongay &

Murray LLP as lead counsel.[1]  See ECF No. 13.  The Court deems Ms. Infante's motion

withdrawn given that she filed a notice of non-opposition to Mr. Arata's application.  See ECF

Nos. 16, 18.

### I.  Background

On January 27, 2022, Plaintiff James Gloster ("Plaintiff") commenced this matter by

---

[1] "As a preliminary matter, this Court concludes that an order appointing lead plaintiff and approving lead counsel qualifies as a nondispositive matter under Rule 72(a) of the Federal Rules of Civil Procedure, allowing this Court to issue a written order (i.e., a Memorandum and Order) rather than a recommended disposition (i.e., a Report and Recommendation).  See Fed. R. Civ. P. 72(a).  Multiple courts, including one in this District, have concluded that motions to appoint lead plaintiffs and approve lead counsel are nondispositive."  Salim v. Mobile TeleSystems PJSC, No. 19 Civ. 1589 (AMD) (RLM), 2019 WL 11095253, at *1 n.2 (E.D.N.Y. Sept. 11, 2019) (collecting cases).

filing a class action complaint against Defendants Standard Lithium Ltd. ("Standard Lithium),

Robert Mintak ("Mintak") and Karen Norman ("Norman") (collectively, "Defendants"). See

ECF No. 1. The complaint sets forth claims under Section 10(b) of the Securities Exchange Act

of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of

1995 ("PSLRA"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §

240.10b-5, and under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), asserted on behalf

of putative class members who purchased or otherwise acquired Standard Lithium securities

between May 19, 2020, and November 17, 2021, inclusive (the "Class Period"). See id. ¶¶ 1, 8.

As relevant here, Plaintiff alleges that as a result of Defendants' materially false and misleading

public statements regarding Standard Lithium's business, operations and compliance policies,

Plaintiff and other class members suffered significant losses and damages when Standard

Lithium's common share price later fell. See id. ¶¶ 6-7. In a certification attached to his

complaint, Plaintiff set forth all of his transactions in Standard Lithium securities during the

Class Period. See id. at 21-23. Plaintiff's certification also indicates his willingness to serve as a

representative party on behalf of class members as well as his understanding of the Court's

authority to select the most adequate lead plaintiff in this action. See id. at 21 ¶ 4.

On January 27, 2022, Pomerantz LLP, as counsel to Plaintiff, published in PRNewswire,

a press release announcing that a securities class action had been filed against Defendants. See

ECF No. 15-1. The press release also advised those who wished to serve as lead plaintiff in the

purported class action to file the appropriate motion no later than March 28, 2022. See id.

On March 28, 2022, Mr. Arata filed a motion for his appointment as lead plaintiff in this

action and for approval of his choice of counsel, Gregory B. Linkh of Glancy Prongay & Murray

LLP, as lead counsel. See ECF No. 13-15.

On March 29, 2022, Ms. Infante filed a competing motion for her appointment as lead plaintiff and for approval of her choice of counsel, Phillip Kim of The Rosen Law Firm, P.A., as lead counsel for the proposed class.  See ECF Nos. 16-17.  The Court notes that, although Ms. Infante filed her motion on March 29, 2022, as indicated by ECF date stamps, the papers themselves bear the date March 28, 2022.  See id.  On April 11, 2022, Ms. Infante filed a notice of non-opposition to Mr. Arata's motion stating that, "[h]aving reviewed the competing motions filed in this action, [Ms. Infante] does not appear to have the largest financial interest in this litigation within the meaning of the PSLRA."  ECF No. 18.

Also on April 11, 2022, Mr. Arata filed an opposition to Ms. Infante's motion.  See ECF No. 19.   In relevant part, Mr. Arata argued that he had a larger financial interest in the relief sought by the class during the Class Period than Ms. Infante by various quantitative measures including the gross number of Standard Lithium shares purchased, the net number of Standard Lithium shares purchased, net expenditures and loss of approximately $31,754.  See id. at 2-3 (comparing ECF No. 15-3 with ECF No. 17-3).  Mr. Arata's financial interest in these respects also exceeded that of Plaintiff.  Compare ECF No. 15-3, with ECF No. 1 at 23.

Plaintiff did not file an opposition to either Mr. Arata's or Ms. Infante's motions.  No one else filed an opposition, either.  On April 18, 2021, Mr. Arata filed a notice observing that his motion was unopposed and requesting the Court to appoint him as lead plaintiff and to approve his selection of Glancy Prongay & Murray LLP as lead counsel.  See ECF No. 20.

## II.   Motions To Appoint Lead Plaintiff

### a.   Legal Standard

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws.  See 15 U.S.C. §§ 78u-4(a)(1)-

(3)(B)(i).  First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of (1) the pendency of the action, (2) the claims asserted therein, (3) the purported class period and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice.  See id. § 78u-4(a)(3)(A)(i).  Within sixty days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  See id. §§ 78u-4(a)(3)(A)-(B).

The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the "person or group of persons" that (1) either filed the complaint or moved to be appointed as lead plaintiff, (2) has the largest financial interest in the action and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23.  See id. §§ 78u-4(a)(3)(B)(iii)(I)(aa)-(cc).  Of these, the second prong, financial interest, is generally considered the "pivotal factor under the PLSRA."  Reimer v. Ambac Fin. Grp., Inc., No. 08 Civ. 1273 (NRB), 2008 WL 2073931, at *2 (S.D.N.Y. May 9, 2008).  At this stage, satisfaction of the third prong requires only that the movant "make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23."  Clark v. Barrick Gold Corp., No. 13 Civ. 3851 (RPP), 2013 WL 5300698, at *2 (S.D.N.Y. Sept. 20, 2013) (quoting Sgalambo v. McKenzie, 268 F.R.D. 170, 173 (S.D.N.Y. 2010)).

Once a prospective lead plaintiff has discharged this initial burden, a competing movant may rebut it only by evidence that the prospective lead plaintiff either will not fairly and adequately protect the interests of the class or is subject to unique defenses not applicable to other class members.  See 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(II)(aa)-(bb).

### b.    Discussion

#### i.  Timeliness

First, no one has challenged the adequacy of the January 27, 2022, notice.  The filing of a press release through PRNewswire is an appropriate means of satisfying the PSLRA's notice requirement.  See, e.g., Chauhan v. Intercept Pharms., No. 21 Civ. 36 (LJL), 2021 WL 235890, at *2 (S.D.N.Y. Jan. 25, 2021).  Based upon the publication date of January 27, 2022, the 60-day period in which members of the proposed class could move to serve as lead plaintiff of the purported class expired on March 28, 2022.  Mr. Arata's motion thus was timely filed with this Court, as it was filed on March 28, 2022.  See ECF Nos. 13-15.  On the other hand, Ms. Infante's motion was filed on March 29, 2022, which was the day after the 60-day period expired in which members of the proposed class could move to serve as lead plaintiff.  See ECF Nos. 16-17.  As there is no objection to the notice of January 27, 2022, and because only Mr. Arata complied with the PSLRA's 60-day deadline to move to serve as lead plaintiff of the purported class, Mr. Arata's motion was timely while Ms. Infante's was not.

#### ii.  Financial Interest

The Court now turns to the remaining elements of the first stage of the inquiry: which of the two movants has the largest financial interest in the relief sought, see 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb), and whether the movant with the largest financial interest satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, see id. § 78u-4(a)(3)(B)(iii)(I)(cc).

The issue of whether Mr. Arata "has the largest financial interest" does not appear to be disputed.  Ms. Infante concedes that she does not have the largest financial interest in this litigation within the meaning of the PSLRA.  See ECF No. 18.  The Court has also reviewed the

5

supporting documentation submitted by Mr. Arata, Ms. Infante and Plaintiff and, finding no basis to conclude otherwise, finds that Mr. Arata has shown the largest financial interest in the litigation.  Compare ECF No. 15-3, with ECF No. 1 at 23; ECF No. 17-3.

### iii.      Satisfying Rule 23

"To establish typicality under Rule 23(a)(3), the party [] must show that 'each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.'"  In re Flag Telecom Holdings, Ltd. Sec. Litig., 574 F.3d 29, 35 (2d Cir. 2009) (quoting Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993)).  Mr. Arata's claims are typical of the class because he like all class members allegedly were similarly harmed by Defendants' allegedly materially false and misleading statements.  See ECF Nos. 1, 14.

Adequacy "entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation."  Flag Telecom Holdings, 574 F.3d at 35 (citing Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 60 (2d Cir. 2000)).  Mr. Arata maintains a sufficient financial interest in the outcome of the case to advocate vigorously on behalf of the class and, in his papers, confirms that he does not have any conflict between his claims and those asserted on behalf of the putative class, and that they are not subject to any unique defenses.  See ECF No. 15-2.  His interests are thus not antagonistic to the class interests.  Based on Mr. Arata's submissions, the Court is satisfied that Mr. Arata's retained counsel, Glancy Prongay & Murray LLP, is experienced, competent and well-qualified to conduct the class action securities litigation at hand.  See, infra, Section III.  Nothing in the record suggests otherwise.

6

### iv.      Rebutting The Statutory Presumption

With respect to the second stage of the inquiry, the Court considers whether the PSLRA presumption is rebutted.  See 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(II)(aa)-(bb).  Plaintiff does not oppose Mr. Arata's motion for appointment as lead plaintiff, and although Ms. Infante filed a competing motion, she later submitted a notice acknowledging her non-opposition to Mr. Arata's application.  See ECF No. 18.  Accordingly, nothing in the record rebuts the presumption that Mr. Arata would fairly and adequately protect the interests of the class, nor is there any reason to believe that Mr. Arata is subject to any unique defense that would otherwise render him incapable of adequately representing the class.  See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  The PSLRA's statutory presumption has not been rebutted.

### III.     Motions To Appoint Lead Counsel

The PLSRA requires that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  See id. § 77z-1(a)(3)(B)(v).  Courts defer to a plaintiff's selection of counsel "and will only reject the plaintiff's choice . . . if necessary to protect the interests of the class."  Xiangdong Chen v. X. Fin., No. 19 Civ. 6908 (KAM) (SJB), 2020 WL 2478643, at *5 (E.D.N.Y. May 13, 2020) (quoting Bray v. Frontier Commc'ns Corp., No. 17 Civ. 1617 (VAB), 2018 WL 525485, at *11 (D. Conn. Jan. 18, 2018)).  As set forth in detail in Mr. Arata's submission, Mr. Arata's chosen counsel, Glancy Prongay & Murray LLP, has substantial experience in securities class action litigation and has served as lead counsel in many cases alleging violations of the securities laws.  See ECF No. 15-4.   The undersigned therefore will not disturb Mr. Arata's selection of lead counsel.

### IV.     Conclusion

For the foregoing reasons, the Court grants Mr. Arata's motion, see ECF No. 13, and

7

deems Ms. Infante's withdrawn, see ECF No. 16.  Mr. Arata is hereby appointed lead plaintiff in this action and Mr. Arata's choice of counsel, Glancy Prongay & Murray LLP, is hereby appointed as lead counsel for the putative class.   As previously directed by the Court, within two weeks of the date of this Order, the parties will file a joint letter addressing whether the lead plaintiff will pursue complaint amendment and whether any amendment will be by consent and propose a schedule for motion practice or filing an answer, as appropriate.  See Dkt. Entry 3/4/2022.

Dated:  Brooklyn, New York
        April 27, 2022

_Vera M. Scanlon_
VERA M. SCANLON
United States Magistrate Judge